**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CASE NO.:**

---

| | |
|---|---|
| **WILLIAM TORRES, JR**, <br><br> **Plaintiff,** <br> **v.** <br><br> **GUTMAN, MINTZ, BAKER &** **SONNENFELDT LLP,** <br> **Defendant.** | <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

---

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT LLP (hereinafter "GMBS") alleges as follows:

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION & VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

4. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

5. Venue is also proper in this district because Plaintiff lives in this District, Defendant conducts business in this District, and the injury occurred in this District.

### III. ALLEGATIONS AS TO PARTIES

6. Plaintiff, William Torres, Jr., ("Torres") is a natural person residing in Nassau County, State of New York.

7. Torres is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

8. Upon information and belief Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT LLP is a law firm and a domestic limited liability partnership that did transact, and does now presently transact business in the State of New York.

9. Defendant GMBS is authorized to conduct business in the State of New York through its professional business address of 813 Jericho Turnpike, New Hyde Park, New York 11040.

10. Upon information and belief, the principal purpose of GMBS is the collection of debts using the legal system, and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. According to its professional website http://www.gmbspc.com/, GMBS identifies itself as specializing "in many areas of litigation including landlord-tenant proceedings, debt recovery, bankruptcy…".

12. In the course of its representation of landlords in landlord-tenant proceedings, Defendant regularly collected or attempted to collect monies from consumers for alleged delinquent rent monies owed ("Rent"). Consequently, an attorney who regularly engages in consumer debt collection activities through litigation on behalf of a creditor is a debt collector. See Heintz v. Jenkins, 514 U.S. 291 (1995).

13. Based upon the allegations in the ¶¶ 9-12, GMBS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

15. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff adopts and realleges the foregoing as fully restated herein.

17. Prior to the commencement of this action, Plaintiff, commenced a leased tenancy to rent an apartment at 7124 Bergen Court, Brooklyn, New York 11234, a building owned by Defendant's client Amir Zaltz ("The Landlord").  However, after one year, said leased tenancy expired and was never renewed. Consequently, Mr. Torres paid certain amounts of rent per month to said owner, thus commencing a month to month tenancy.

18. Sometime in 2017, the Landlord commenced eviction proceedings against Torres in the Housing Court Part of the New York City Civil Court, Kings County.

19. On or about August 7, 2017, Mr. Torres and the Landlord entered into a stipulation of settlement. The terms of the stipulation of settlement were explicit in which Mr. Torres agreed to vacate the apartment on or before November 7, 2017 and the Landlord agreed to waive any amounts for past due rent and ongoing use and occupancy, should Mr. Torres vacate the premises on or before the November 7, 2017 deadline.

20. Said stipulation of settlement was executed by all parties and so ordered by Hon. Bruce E. Scheckowitz.

21. Mr. Torres adhered to the stipulation of settlement and vacated the premises before August 31, 2017. Consequently, as per the terms of the settlement agreement, Mr. Torres did not owe Amir Zaltz any money.

22. Sometime thereafter, on a date unknown to Plaintiff, Amir Zaltz consigned, placed or otherwise transferred an alleged debt to the Defendant for collection from Torres.

23. Defendant began its attempts to collect the alleged debt from Plaintiff, on or about September 25, 2018, when it sent or caused to be sent a collection letter to the Plaintiff. This was Defendant's initial communication with the Plaintiff.

24. Continuing with its collection of this alleged debt, Defendant then filed a lawsuit against the Plaintiff on or about January 29, 2019, in the New York City Civil Court, Kings County, entitled, Amir Zaltz v. William Torres, Jr., Index No.: 2987/2019.

25. Compounding matters, was the numerous materially false and misleading statements Defendant lodged against the Plaintiff in its summons and complaint.

26. Defendant's materially false statements included stating that Plaintiff and Mr. Zaltz entered into a lease agreement and that Plaintiff defaulted under the lease agreement failing to pay rental arrears totaling $9,975.00 for the months of December 1, 2017 through and including October 31, 2017.

27. There was no valid lease or contract between the Plaintiff and Mr. Amir Zaltz.

28. As stated above, when Mr. Zaltz commenced eviction proceedings against Mr. Torres, a stipulation of settlement was entered into by all parties, which Mr. Torres agreed to vacate the apartment on or before November 7, 2017 and Mr. Zaltz agreed to waive any amounts for past due rent and ongoing use and occupancy, should Mr. Torres vacate the premises on or before the November 7, 2017 deadline.

29. Mr. Torres vacated the apartment located 7124 Bergen Court, Brooklyn, New York 11234, on or before August 31, 2017.

30. Consequently, there were no monies owed to Mr. Amir Zaltz by Mr. William Torres, Jr, as per the so-ordered stipulation of settlement.

31. Furthermore, in paragraph two (2) of Defendant's complaint against the Plaintiff, timeline in which the Defendant claims the Plaintiff owed the alleged debt for is totally nonsensical.

32. Defendant never obtained a written agreement from Mr. Torres authorizing it to collect this alleged debt.

33. There is no legally enforceable agreement between Mr. Torres and the original creditor which would authorize the alleged debt Defendant attempted to collect.

34. Defendant sending Plaintiff a collection letter and commencing a legal proceeding against the Plaintiff to collect a nonexistent debt, were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

35. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying a debt.

36. In light of the facts articulated herein, Defendant utilized false and deceptive means to coerce Plaintiff into paying a debt.

37. In light of the facts articulated herein, Defendant attempted to collect a debt by communicating false representations or utilizing deceptive means.

38. In light of the facts articulated herein, Defendant attempted to collect a debt by intentionally mischaracterizing and misrepresenting the character and legal status of the debt.

39. In light of the facts articulated herein, Defendant attempted to collect a debt not authorized or permitted by law.

40. In light of the facts articulated herein, Defendant attempted to collect a debt by intentionally commencing legal proceedings in a location where no contract was signed and none existed.

41. In light of the facts articulated herein, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

42. Defendant's activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1) and 1692i(a)(2) amongst others.

43. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

44. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## V. PRACTICES OF THE DEFENDANT

45. It is or was the policy and practice of Defendant to collect or attempt to collect debts from consumers that the consumers may or may not owe, by utilizing the legal system.

46. It is or was the policy and practice of Defendant to collect or attempt to collect debts without not authorized by any agreements.

47. Said practices and policies of Defendant are deceptive representations, which contradicts consumers' rights.

48. That the Defendant intentionally and knowingly and/or carelessly and recklessly seek to collect legally barred debts for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

49. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e), (f), (g) and (i) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

50. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

51. The Defendant's conduct has caused Plaintiff to experience worries and concerns and significant emotional harm as a result of Defendant's conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm. Plaintiff suffered actual damages in the forms of out-of-pocket expenses, attorney's fees, and emotional distress.

## VI. ALLEGATIONS OF LAW

52. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:  d, e, and f.

   i.   Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

   ii.  Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

   iii. Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

   iv.  Defendant violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

   v.   Defendant violated 15 U.S.C. § 1692f by utilizing unfair tactics to collect an alleged debt;

   vi.  Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law;

   vii. Defendant violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action in a location other than where the contract was signed or where the consumer resides.

53. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt,

Defendant's actions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## COUNT I

### Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

54. Plaintiff adopts and realleges the foregoing as fully stated herein.

55. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

56. Defendant's violation of §1692d of the FDCPA, include, but are not limited to, intentionally engaging in collection activity to collect a debt that does not exist. Defendant intentionally and negligently misrepresented to Plaintiff the amount of the debt in order to coerce payment of a debt Plaintiff did not owe. Additionally, Defendant intentionally and wilfully sent Plaintiff a collection letter and commenced legal action against the Plaintiff as inducement to pay a debt the Plaintiff does not owe. Defendant's actions were tantamount to false and deceptive representations of the amount of the alleged debt and false and deceptive means to collect the alleged debt.

57. Defendant's violation of §1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

58. By intentionally and negligently misrepresenting to Plaintiff the amount of the debt in order to coerce payment of a debt Plaintiff did not owe and by intentionally and wilfully sending Plaintiff a collection letter and commencing legal action against the Plaintiff as inducement to pay a debt the Plaintiff does not owe, Defendant caused Plaintiff to

suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

59. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

60. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

61. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

62. Plaintiff adopts and realleges the foregoing as fully stated herein.

63. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. *See, 15 U.S.C. §1692e.*

64. Defendant's violation of §1692e of the FDCPA, include, but are not limited to, intentionally engaging in collection activity to collect a debt that does not exist. Defendant intentionally and negligently misrepresented to Plaintiff the amount of the debt in order to coerce payment of a debt Plaintiff did not owe. Additionally, Defendant

intentionally and wilfully sent Plaintiff a collection letter and commenced legal action against the Plaintiff as inducement to pay a debt the Plaintiff does not owe. Defendant's actions were tantamount to false and deceptive representations of the amount of the alleged debt and false and deceptive means to collect the alleged debt.

65. Defendant's violation of §1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k.*

66. By intentionally and negligently misrepresenting to Plaintiff the amount of the debt in order to coerce payment of a debt Plaintiff did not owe and by intentionally and wilfully sending Plaintiff a collection letter and commencing legal action against the Plaintiff as inducement to pay a debt the Plaintiff does not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

67. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

68. Defendant's violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k(a)(1).*

69. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT III

### Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

70. Plaintiff adopts and realleges the foregoing as fully stated herein.

71. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  *See, 15 U.S.C. § 1692e(2).*

72. Defendant's violations of § 1692e(2) of the FDCPA, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendant purposefully misrepresented the amount and legality of the alleged debt throughout its collection attempts. Defendant intentionally and negligently represented to Plaintiff that the alleged debt was a viable account which could be paid and collected. Defendant knew or should have known that there was no contract or agreement creating the debt. Defendant's actions were false representations of the amount of the character, amount and legal status of the alleged debt.

73. Defendant's violations of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

74. By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

75. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

76. Defendant's violations of § 1692e(2) of the FDCPA render them it for actual damages, costs, and reasonable attorneys' fees. _See_ _15 U.S.C. § 1692k(a)(1)._

77. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT IV

### Violation of § 1692e(10) Of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer

78. Plaintiff adopts and realleges the foregoing as fully stated herein.

79. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. _See, 15 U.S.C. § 1692e(10)_

80. Defendant's violations of §1692e(10) of the FDCPA, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendant purposefully misrepresented the amount and legality of the alleged debt throughout its collection attempts. Defendant intentionally and negligently represented to Plaintiff that the alleged debt was a viable account which could be paid and collected. Defendant knew or should have known that there was no contract or agreement creating

the debt. Defendant's actions were false representations of the amount of the character, amount and legal status of the alleged debt.

81. Defendant's violations of §1692e(10) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

82. By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

83. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

84. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **COUNT V**

### **Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt**

85. Plaintiff adopts and realleges the foregoing as fully stated herein.

86. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

87. Defendant's violations of §1692f of the FDCPA, include, but are not limited to, intentionally engaging in collection activity to collect a debt that does not exist. Defendant intentionally and negligently misrepresented to Plaintiff the amount of the debt in order to coerce payment of a debt Plaintiff did not owe. Additionally, Defendant intentionally and wilfully sent Plaintiff a collection letter and commenced legal action against the Plaintiff as inducement to pay a debt the Plaintiff does not owe. Defendant's actions were unfair and unconscionable means to collect the alleged debt.

88. Defendant's violations of §1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. §1692k*.

89. By intentionally and negligently misrepresenting to Plaintiff the amount of the debt in order to coerce payment of a debt Plaintiff did not owe and by intentionally and wilfully sending Plaintiff a collection letter and commencing legal action against the Plaintiff as inducement to pay a debt the Plaintiff does not owe, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

90. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

91. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VI

### Violation of § 1692f(1) Of the FDCPA – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

92. Plaintiff adopts and realleges the foregoing as fully stated herein.

93. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.  *See, 15 U.S.C. § 1692f(1).*

94. Defendant's violations of § 1692f(1) of the FDCPA, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendant purposefully misrepresented the amount and legality of the alleged debt throughout its collection attempts. Defendant intentionally and negligently represented to Plaintiff that the alleged debt was a viable account which could be paid and collected. Defendant knew or should have known that there was no contract or agreement creating the debt. Defendant's actions were false representations of the amount of the character, amount and legal status of the alleged debt. Defendant's actions are clearly not permitted by law.

95. Defendant's violations of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

96. By seeking to collect a debt from Plaintiff not authorized by a contract or law, thus representing to Plaintiff that the alleged debt was a viable account which could be paid and collected, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

97. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

98. Defendant's violations of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

99. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VII

## Violation of § 1692i(a)(2) Of the FDCPA – Bringing legal action in a location other than where contract signed or where consumer resides

100. Plaintiff adopts and realleges the foregoing.

101. Section 1692i(a)(2) of the FDCPA prohibits a from bringing a legal action in a location other than where the contract was signed or where the consumer resides. *See, 15 U.S.C. § 1692i(a)(2).*

102. Where there is no signed contract the FDCPA prohibits a debt collector from commencing an action anywhere besides the judicial district where the consumer resides. See  Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

103. As previously articulated above, Defendant commenced a legal action against Plaintiff, to collect an alleged debt from the Plaintiff in a jurisdiction where a lease or contract does not exist.

104.     By commencing the legal action to collect an alleged debt not owed by the Plaintiff, the Defendant has represented to Plaintiff that the alleged debt was a viable account which could be paid and collected.

105.     Defendant's violation of 1692i(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

106.     By unlawfully commencing a legal action against Plaintiff, to collect an alleged debt from the Plaintiff in a jurisdiction where a lease or contract does not exist, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

107.     As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692i(a)(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

108.     Defendant's violation of § 1692i(a)(2) of the FDCPA render them it for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

109.     Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VIII
## Violations of the New York General Business Law § 349

110.     Plaintiff adopts and realleges the foregoing as fully stated herein.

111.     Under New York General Business Law §349(a), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

112.    Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, intentionally engaging in collection activity to collect a debt that does not exist. Defendant intentionally and negligently misrepresented to Plaintiff the amount of the debt in order to coerce payment of a debt Plaintiff did not owe. Additionally, Defendant intentionally and wilfully sent Plaintiff a collection letter and commenced legal action against the Plaintiff as inducement to pay a debt the Plaintiff does not owe. Defendant's actions were deceptive acts and practices in its course of business.

113.    Defendant's violations of § 349(a) of the NY GBL, include, but are not limited to, seeking to collect a debt from the Plaintiff not authorized by a contract or permitted by law. Defendant purposefully misrepresented the amount and legality of the alleged debt throughout its collection attempts. Defendant intentionally and negligently represented to Plaintiff that the alleged debt was a viable account which could be paid and collected. Defendant knew or should have known that there was no contract or agreement creating the debt. Defendant's actions were false representations of the amount of the character, amount and legal status of the alleged debt. Defendant's actions were deceptive acts and practices in its course of business.

114.    Defendant's violations of § 349(a) of the NY GBL render it liable for statutory damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

115.    Defendant's violations of § 349(a) of the NY GBL has caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

116.    As a direct and proximate result of Defendant's conduct committed in violations of § 349(a) of the NY GBL, Plaintiff was damaged in that he, among other things, suffered

emotional distress, anxiety and humiliation as a result of Defendant's abusive attempts to collect a debt.

117.    Defendant's violations of § 349(a) of the NY GBL render it liable for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h).

118.    Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, William Torres, Jr. prays that this Court:

a.   Declare that Defendant violated the FDCPA;

b.   For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the  Defendant and for Plaintiff;

c.   Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

d.   Declare that the Defendant violated the NY GBL;

e.   Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

f.   Enter judgment enjoining the Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g.   Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, William Torres, Jr. demands trial by jury.

Respectfully submitted,

Dated: July 19, 2019

**LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**